UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

BANCOR GROUP INC., and STITCHING
PARTICULIER FONDS FRANEKER,
derivatively on behalf of
EASTERN NATIONAL BANK, N.A.,

      Plaintiffs,

v.

GABINA RODRIGUEZ, LOUIS FERREIRA,
CESAR A. GOMEZ VALERO, KEITH PARKER,
CARLOS RODRIGUEZ, and GUSTAVO MACIAS

      Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiffs, Bancor Group Inc. ("Bancor") and Stitching Particulier Fonds Franeker ("Franeker") (collectively, the "Minority Shareholders"), derivatively on behalf of Eastern National Bank, N.A. ("ENB" or the "Bank") sue Defendants, as members of the ENB Board of Directors, Gabina Rodriguez, Louis Ferreira, Cesar A. Gomez Valero, Keith Parker, Carlos Rodriguez, and Gustavo Macias (collectively "Defendants") and allege as follows.

## PARTIES, JURISDICTION, AND VENUE

1.      Bancor is a company organized and existing pursuant to the laws of the State of Florida. Bancor owns 63 shares of stock of ENB.

2.      Franeker is a company organized under the laws of Curaçao. Franeker also owns 22 shares of stock of ENB.

3.     ENB is a United States national banking association authorized to do business in the State of Florida, with its principal offices in Miami-Dade County, Florida.

4.     Defendants are or were during the relevant time, members of the ENB Board of Directors (the "Board" or the "ENB Board").

5.     Gabina Rodriguez ("Gabina Rodriguez") is an individual and served as Chairwoman of the ENB Board from 2015 to March 2021. Ms. Gabina Rodriguez is a resident of Caracas, Venezuela.

6.     Louis Ferreira ("Ferreira") is an individual and served as a member on the ENB Board from October 2019 to the present, and has served as President and CEO of ENB from March 2020 to the present. Mr. Ferreira is a resident of Broward County, Florida.

7.     Cesar A. Gomez Valero ("Gomez Valero") is an individual and served as a member on the ENB Board from 2017 to March 2021. Mr. Gomez Valero is a resident of Caracas, Venezuela.

8.     Keith Parker ("Parker") is an individual and served as a member on the ENB Board from 2005 to the present. Mr. Parker is a resident of Miami-Dade County, Florida.

9.     Carlos D. Rodriguez ("Carlos Rodriguez") is an individual and served as a member on the ENB Board from 2016 to the present, and served as President and CEO of ENB from May 2018 through February 2020. Mr. Carlos Rodriguez is a resident of Miami-Dade County, Florida.

10.    Gustavo Macias ("Macias") is an individual and served as a member on the ENB Board from 2016 to the present. Mr. Macias is a resident of Miami-Dade County, Florida.

11.    This Court has subject matter jurisdiction over this matter pursuant to the Edge Act, 12. U.S.C. §§ 611 *et seq*., because ENB is a United States federally chartered bank and Plaintiffs' claims "aris[e] out of transactions involving international or foreign banking, ...or out of other

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

international or foreign financial operations." 12 U.S.C. § 632. This Court also has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)(1)-(2) and (c)(2) as this controversy arises in this District where Bancor resides, where ENB resides and conducts its business, and where most Defendants reside.

### GENERAL ALLEGATIONS

**A.  The Venezuelan Government controls ENB.**

13.     ENB is a U.S. chartered bank that is primarily owned by Mercorp, N.V. of Curacao ("Mercorp"). Specifically, Mercorp owns more than 99% of ENB's shares. In turn, Mercorp is wholly owned by Corpofin, C.A. ("Corpofin"), a company organized under the laws of the Bolivarian Republic of Venezuela ("Venezuela").

14.     Since 1994, the Superintendence of Banks of the Bolivarian Republic of Venezuela ("Sudeban"), an office that is subordinate to the Ministry of Finance,[1] has had Corpofin under an illegal administrative receivership related to certain alleged debt previously owed by Corpofin to Fogade, an agency of the Venezuelan Government.[2]

15.     As a result, for all purposes and effects, the Venezuelan Government has controlled ENB since 1999.

16.     In addition, at least since 2018, the U.S. Government has imposed sanctions

---

[1] The official name is the Ministry of the People's Power for Economy and Finance.

[2] The debt owed to Fogade was paid in full on November 18, 2020, before the Political and Administrative Chamber of the Venezuelan Supreme Justice Tribunal ("TSJ") by Mr. Juan Santaella as shareholder of Corpofin.

3

targeting Venezuelan Government entities and individuals.[3] Two of the individuals that have been

under U.S. sanctions since at least 2018 are Major General Rodolfo Marco Torres, who served as

the Minister of Finance for Venezuela under the Nicolás Maduro regime from 2014 to 2017, and

Simon Zerpa Delgado, who served as the Minister of Finance under the Maduro regime from 2017

to 2020. The Minister of Finance is the direct supervisory entity of Sudeban.

17.     The Venezuelan Government, though the government agency Sudeban, has

appointed Defendant Gabina Rodriguez as the receiver of Corpofin in 2009. As such, from 2009

to the present, Gabina Rodriguez exercises all of the authority of Corpofin and Mercorp legitimate

shareholders, directors, and officers. Thus, Gabina Rodriguez represents that she has the authority

to appoint herself as the sole managing director of Mercorp, which in turn has the majority of

voting stock of ENB, and therefore has the votes (unless those voting rights are restricted)

necessary to elect the board of directors of ENB.

18.     Defendant Gabina Rodriguez is an agent of the Venezuelan Government. The

Maduro regime, through the government agency Sudeban, maintains the absolute discretion to

nominate and remove Gabina Rodriguez as receiver of Corpofin. Moreover, the ENB Board,

including most recently Mr. Gustavo Macias at the December 17, 2021, shareholder meeting, has

repeatedly and openly referred to Gabina Rodriguez as an agent of the Venezuelan Government.

19.     Gabina Rodriguez has been employed by the Venezuelan Government in various

positions since 1993: Banco Industrial de Venezuela (1993); Department of the Comptroller

General of the Republic (1993-2002); Ministry of Transport and Communications Caracas Metro

---

[3] Moreover, as of January 23, 2019, the U.S. Government has ceased to recognize the Maduro regime as the legitimate government of Venezuela. Instead, the U.S. has recognized Mr. Juan Guaidó and the 2015-elected General Assembly of Venezuela as the only legitimate governing entities of Venezuela.

4

Corporation (2002-2006); National Bank for Housing and Habitat (2006-2009); and Banco de Venezuela ("BV"), Executive Vice President for the Legal Department (2011-2012).

**B.  The October 2018 Consent Order issued by the Comptroller of the Currency of the United States ("OCC").**

20.     On or about 2017, after all U.S. banks closed their correspondent relationship with BV, a government-owned Venezuelan bank, ENB opened and operated an account for BV. Notably, Gabina Rodriguez served as Executive Vice President for the Legal Department of BV from 2011 to 2012, after being appointed in 2009 by Sudeban as Intervenor of Corpofin and Mercorp.

21.     ████████████████████████████████████████████

████████████████████████████████████████████

22.     ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

23.     In October of 2018, the OCC issued, and the ENB Board consented to, a Consent Order ("2018 Consent Order") noting multiple deficiencies in ENB's banking practices, including deficiencies related to the Bank's Bank Secrecy Act (BSA) and anti-money laundering (AML) practices that arose from the opening and operating of the BV account. *See* **Exhibit** 1, 2018 Consent Order. Specifically, the OCC identified ten risky account relationships for which there was "insufficient customer due diligence information."

24.     The 2018 Consent Order required the ENB Board, among other things, to appoint a Compliance Committee consisting of three directors, two of whom would not be employees, officers or controlling shareholders of ENB, and to maintain a written program to ensure ENB's

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

ongoing compliance with applicable federal statutes and regulations.

25.     As a result of the 2018 Consent Order, the ENB Board is not allowed to declare dividends unless (1) ENB complies with the minimum capital requirements in its strategic plan "adopted in accordance with" the requirements of the 2018 Consent Order; (2) ENB complies with 12 U.S.C. §§ 56 and 60; and (3) ENB obtains prior written approval from the OCC's Assistant Deputy Comptroller.

26.     Each of the Defendants had a duty to take actions to comply with the 2018 Consent Order. At the time the 2018 Consent Order was issued, the ENB Board consisted of Defendants Gabina Rodriguez as Chairwoman of the Board, Gomez Valero, Macias, Parker, and Carlos Rodriguez. In addition, Defendant Carlos Rodriguez was President and CEO of ENB from May 2018 through February 2020. In about October 2019, Defendant Ferreira joined the ENB Board and in March 2020, he was appointed as President and CEO of ENB.

**C.   The November 2020 Consent Order issued by the OCC.**

27.     Following entry of the 2018 Consent Order, each of the Defendants (Gabina Rodriguez, Gomez Valero, Macias, Parker, Carlos Rodriguez, and Ferreira) failed to take appropriate actions to remedy the deficiencies identified by the OCC. The principals of Franeker and Bancor asked to meet with Defendants and ENB's management for the purpose of addressing these issues, but these requests were denied.

28.     ████████████████████████████████████ in November of 2020, the OCC issued, again with the consent of the ENB Board, a Consent Order ("2020 Consent Order"), which replaced and superseded the 2018 Consent Order. *See* **Exhibit 2**, 2020 Consent Order.

29.     On the date of the 2020 Consent Order, the ENB Board consisted of Defendants

Gabina Rodriguez as Chairwoman of the Board, Ferreira (who was also appointed as President and CEO of ENB in October 2019), Gomez Valero, Parker, Carlos Rodriguez, and Macias.

30.     The 2020 Consent Order found that ENB had not attained compliance with the 2018 Consent Order, that ENB remained in violation of 12 C.F.R. §21.21, and that new unsafe or unsound practices existed.

31.     Specifically, the 2020 Consent Order found that:

a.  The Bank has not achieved compliance with the 2018 Order and has not corrected the deficiencies that led to the 2018 Order. The Bank has engaged in numerous unsafe and unsound practices and violation of laws and regulations.

b.  The Board and management have not provided effective strategic direction and oversight to preserve capital, strengthen credit administration and risk management practices, manage problem assets, maintain profitability, control expenses, and operate the Bank safely and soundly and in compliance with applicable laws and regulations.

c.  The Board has not adopted and implemented comprehensive corporate governance including Board oversight, which has resulted in unsafe and unsound compensation, benefits, and travel-related expenses,[4] ineffective audit committee oversight, and insufficient documentation of decision-making at Board and other committee meetings.

d.  The Board has not ensured that its Bank Secrecy Act/Money Laundering and Office of Foreign Assets Control compliance program is safe and sound and achieves and maintains compliance with 12 C.F.R. §21.21, including internal controls for collecting due diligence information and identifying and reporting suspicious activity.

32.     The 2020 Consent Order required ENB to maintain certain capital ratios and to submit "an acceptable written Capital and Strategic Plan for the Bank."

33.     Under the 2020 Consent Order, ENB is still not allowed to declare dividends unless (1) ENB complies with the minimum capital requirements required by the 2020 Consent Order; (2)

---

[4] For instance, Defendant Gabina Rodriguez sought and received unreasonable compensation and reimbursement for expenses throughout her time as Director.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

the dividend or capital distribution complies with 12 U.S.C. §§ 56 and 60 and all other applicable laws; and (3) ENB obtains prior written approval from the OCC's Director for Special Supervision.

34.    The 2020 Consent Order provides for oversight and approval of compensation programs for Bank management and directors. It also required ENB to "immediately cease and desist from the payment of any severance benefits, golden parachutes, or similar remuneration to any institution-affiliated party (as defined in 12 U.S.C. § 1813(u)) except in compliance with all applicable laws, specially 12 U.S.C. § 1828(k), 12 C.F.R. Part 359 and FDIC's Financial Institution Letter 66-2010.

35.    In addition, pursuant to the 2020 Consent Order, the Board must facilitate the "addition of at least two independent, outside directors" and provide the OCC written notice of the proposed addition of such directors within 60 days of the date of the Order. According to the Order, the new directors could not include "insiders of the Bank, employees or officers of the Bank or affiliates of the Bank, insiders of a subsidiary or affiliate of the Bank, or [who] work for or otherwise have any relationship or affiliation to the controlling shareholder of the Bank or any of its affiliates." For purposes of the Order, the term "insider" has the meaning set forth in 12 C.F.R. § 215.2(h): "an executive officer, director, or principal shareholder, and includes any related interest of such person."

36.    The OCC further determined that ENB is in "troubled condition" under 12 C.F.R. § 5.51(c)(7)(ii) and reserved its right to institute any enforcement action, including imposing civil money penalties for ENB's failure to comply with the 2018 Consent Order and the 2020 Consent Order.

37.    Following the entry of the 2020 Consent Order, in about March 2021, Defendants Gabina Rodriguez and Gomez Valero were removed from the ENB Board ████████

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

███████████████████████ Thus, as of about, March 2021, the ENB Board consisted of Defendants Ferreira, Parker, Carlos Rodriguez, and Macias.

38.     Following the OCC's November 2020 findings, the principals of Franeker and Bancor continued to request to meet with the Board and ENB's management to address the issues identified in the 2020 Consent Order to offer help in addressing the Bank's problems. However, the Board and ENB's management refused to meet to address these issues.

39.     Consequently, on June 9, 2021, Bancor and Franeker, through undersigned counsel, provided written demand to ENB, requesting the inspection of several categories of corporate records in the Board's possession. While the Board agreed to produce some documents, it refused access to the majority of the requests. Bancor and Franeker subsequently filed suit under Florida Statutes § 608.1602, in the United States District Court for the Southern District of Florida, Case No. 21-cv-22311. The parties reached a settlement, and on September 7, 2021, filed a joint stipulation of dismissal without prejudice.

40.     Defendants Gabina Rodriguez, Gomez Valero, Ferreira, Parker, Carlos Rodriguez, and Macias have caused ENB to unreasonably delay acting to comply with the 2020 Consent Order and to still not be in full compliance of the 2020 Consent Order.

41.     Since the 2020 Consent Order, Defendants have not taken reasonable actions to address the issues identified by the OCC. For example, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias have not implemented reasonable comprehensive corporate governance procedures, including sufficient Board oversight of the Bank's management. Defendants have not complied with the OCC's capitalization requirements. Defendants have also failed to facilitate the addition of at least two independent directors to the ENB Board.

42.     Although Defendants Ferreira, Parker, Carlos Rodriguez, and Macias claim to have

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

substantially complied with the 2020 Consent Order, they have failed to provide documentation to the shareholders demonstrating compliance with each of the dictates of the Order.

43.     It is ENB's regular practice to conduct an annual independent audit. Yet, for the years 2018, 2019, and 2020 the Board failed to submit independent auditors' reports to the Bank's shareholders. An independent audit was especially necessary for the years 2018 through 2020 given the problematic and deficient banking practices raised in the OCC Consent Orders. The Board must be able to demonstrate compliance with the Orders. In fact, the 2020 Consent Order requires that the Board have a reasonable audit program.

44.     Defendants Ferreira, Parker, Carlos Rodriguez, and Macias have acknowledged the need for an independent audit, but claim to not want to incur the expense. But without an independent audit, there can no independent verification of compliance with the 2020 Consent Order.

45.     Between 2018 and 2020, as a result of the mismanagement and failure to comply with the dictates of the OCC by Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, Carlos Rodriguez, and Ferreira, the Bank has incurred losses of about $20 million.

**D.  Defendants' improper stock compensation scheme.**

46.     ███████████████████████████████████████████████████ ███ Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez—███ ███████████████████████████████████████████████—began considering an equity incentive plan to provide for the issuance of restricted stock units ("RSUs") to themselves, as directors of ENB (the "RSU Plan").

47.     The stated purpose of the RSU plan was to attract and retain qualified directors and employees. Yet, after the October 2018 Consent Order exposed the mismanagement of Defendants

Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez, these Defendants still went forward and established the RSU Plan in December 2018, which they would be the beneficiaries of.

48.     The Board has the authority to propose the RSU Plan, but a shareholder vote and ratification is required to approve the plan because such a plan would dilute shareholder value. However, Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez, did not hold a shareholder vote. Indeed, from 2018 until December 2021, the ENB Board never called for an annual shareholders meeting as is required by ENB's governing documents. Instead of holding a required shareholder vote, the ENB Board has improperly given Defendant Gabina Rodriguez, as representing more than 99% of ENB's shares, sole authority over the plan.

49.     Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez devised the RSU Plan to act as a stock compensation scheme where Gabina Rodriguez has agreed to compensate the Defendant directors, through the improper issuance of RSUs, for permitting Gabina Rodriguez—and thus the Maduro regime—to continue to exert absolute control of ENB.

50.     Between December 2018 and July 2019, RSUs representing about 16% of the Bank's issued shares were issued to individuals, including Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez.

51.     Subsequently, in November 2020, as part of the OCC's 2020 Consent Order, the OCC required oversight and approval of ENB's compensation programs for Bank management and directors. The 2020 Consent Order required the Bank to cease and desist any payment under the RSU Plan and to obtain approval from the OCC for any action regarding such a compensation program.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

52.     Despite the OCC's directive, in 2021, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias, under the direction of Defendant Gabina Rodriguez, improperly proposed to expand their benefits under the stock compensation scheme.

53.     ███████████████████████████████████████████ ████████████████████████████████████████████████████The Board was also required to hold a shareholder vote for such a plan.

54.     However, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias ████████ █████████████████████████████ did not call a special meeting of the shareholders to vote on the RSU Plan. Instead, just like the 2018 Board, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias improperly gave Defendant Gabina Rodriguez, as representing more than 99% of ENB's shares, sole authority over the plan. ██████████████████████████ ████████████ and the failure to call a special meeting of the shareholders to vote on the plan renders the stock compensation scheme invalid.

55.     Gabina Rodriguez, as an agent of the Maduro regime, exercises unchallenged control over the ENB Board of Directors. Even though Gabina Rodriguez is no longer a member of the Board following the 2020 Consent Order, she (and thus the Maduro regime) remains in sole control of ENB due to the Venezuelan Government's appointment of Gabina Rodriguez as the receiver for Corpofin, which wholly owns Mercorp, which in turn owns more than 99% of ENB's shares.

56.     Gabina Rodriguez is using her improper control over the RSU Plan and Defendants Ferreira, Parker, Carlos Rodriguez, and Macias, as a means to effectuate the improper stock compensation scheme to divert valuable equity to these directors as compensation for allowing Gabina Rodriguez (and thus the Maduro regime) to maintain sole control of ENB. In other words,

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR  |  MIAMI, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

in exchange for supporting Gabina Rodriguez and the Venezuelan Government's continued control of ENB, Defendants Ferreira, Carlos Rodriguez, Parker, and Macias stand to benefit financially from the compensation scheme instituted by Gabina Rodriguez.

57.     Defendants Ferreira, Carlos Rodriguez, Parker, and Macias have facilitated Gabina Rodriguez's (and the Maduro regime's) improper use of Mercorp's majority ownership of the Bank to act as a sole shareholder and to circumvent Gabina Rodriguez's removal from the ENB Board.

58.     In total, the RSU Plan diverts equity representing about 30% of the Bank's issued shares to individuals, including Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, Ferreira, and Carlos Rodriguez.

59.     If the stock compensation scheme is executed, the Bank may have to record about $4.8 million in expenses.

60.     The scheme indeed provides no value to ENB's shareholders or the Bank and is the result of self-dealing by Defendants. Any well-conceived stock option plan shall serve as incentive to the recipients to manage the business properly and pursue the growth and profitability of the company for the benefit of the shareholders. In ENB's case, the illegal stock option scheme was designed to benefit the same Directors that managed the bank to loss $20 million between 2018 and 2020, ███████████████████████████████████████████████████████

███████████████████

**E.** ██████████████████████

61.     ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

62.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████

63.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████

64.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████

65.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

14



66.

67.

68.

69.     For example, ENB had other recapitalization opportunities. There is an independent investor group identified by Bancor and referred to the Board that has submitted an offer to invest $15 million in ENB. The offer does not require the authorization of additional shares. The investor group is fully qualified from both a financial and regulatory perspective and the principal currently serves on the boards of other U.S. based banks. The investor group signed a letter of intent with ENB on or about October 8, 2021, which was good through December 21, 2021.

70.     The $15 million offer is adequate to fully capitalize ENB and effectuate a change in control of the Bank, with the investor taking 52% of the voting shares, thus satisfying the 2020

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

Consent Order.

71.  ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

72.     In addition, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias should have also presented the $15 million offer from the independent investor to the OCC and the ENB shareholders, but they did not.

73.     Instead, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias effectively rejected the offer. When ENB Board Chairman, Defendant Louis Ferreira, was presented with the $15 million offer from the independent investor, Mr. Ferreira informed the investor that the offer would be rejected unless the investor provided a $3 million deposit to be held at the Bank's absolute discretion. The request for such a deposit is neither commercially reasonable for a transaction of this type, nor a market practice.

**F.  The December 17, 2021, shareholders meeting.**

74.     From 2018 until December 2021, the ENB Board did not call for annual shareholders meetings for the election of Directors and other business, as is required by Article II, Section 1 of ENB's By-Laws and Article IV of ENB's Articles of Incorporation.

75.     Then, on December 1, 2021, ████████████████████████████

████████████████████████████████████████████

Defendants Ferreira, Parker, Carlos Rodriguez, and Macias noticed an annual shareholders meeting for December 17, 2021. The agenda for the meeting included the following:

    a.  To elect directors to serve a term of office until the next succeeding Annual Meeting of Shareholders or until his or her successor is duly elected and

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

qualifies. Nominated for election are: Louis Ferreira, Keith Parker, Carlos Rodriguez, Gustavo Macias, Edward Holden.

b. To amend Article Five of the Bank's Articles of Association to increase the number of authorized shares of common stock from Two Million (2,000,000) share of common stock, of par value Sixteen Dollars ($16.00) to Three Million (3,000,000) shares of common stock of par value Sixteen Dollars ($16.00).

c. Any other business that may properly come before the meeting.

76.    At the December 17, 2021, meeting, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias appointed three election judges, as is required by Article II, Section 8 of the ENB By-Laws, to oversee the election of directors to the Board. Defendants appointed Carlos Rodriguez, Parker, and Macias to judge the election, when all three directors were on the ballot.

77.    The Minority Shareholders objected to the selected judges as a violation of Article II, Section 8 of the ENB By-Laws, requiring that election judges be appointed "from among the Shareholders by the Board of Directors."

78.    Defendants Ferreira, Parker, Carlos Rodriguez, and Macias thereafter replaced Carlos Rodriguez, Parker, and Macias with Juan Santaella and Juan B. Santaella (two shareholder representatives) and Gabina Rodriguez (representative of the Venezuelan Government).

79.    When Juan Santaella and Juan B. Santaella challenged the validity of certain ballots, they were forcibly removed and replaced by two of the three original election judge nominees, Keith Parker and Carlos Rodriguez, notwithstanding the fact that there were four other shareholders present in the meeting that may have been elected as independent judges for the election of directors.

80.    Thus, Gabina Rodriguez, Keith Parker, and Carlos Rodriguez oversaw and ratified the election of the ENB Board. This was improper and in violation of ENB's By-laws.

81.    The Minority Shareholders objected to the election of directors to the Board for

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

several reasons.

82.     First, the Minority Shareholders objected to the list of nominees of directors for the Board, insisting that the list comply with the 2020 Consent Order and include two independent directors who were not directors at the time of the election.

83.     Of the five nominees (Louis Ferreira, Keith Parker, Carlos Rodriguez, Gustavo Macias, and Edward Holden), four were Directors at the time of the 2020 Consent Order (Louis Ferreira, Keith Parker, Carlos Rodriguez, and Gustavo Macias), and only Edward Holden was appropriately independent.



LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR │ MIAMI, FL 33134 │ T 305.740.1975 │WWW.LEONCOSGROVE.COM



89.

90.

91.

92.    In addition, at the December 17, 2021, shareholder meetings, Defendants Ferreira, Parker, Carlos Rodriguez, and Macias had a duty to present to the shareholders for consideration the $15 million capitalization offer from the independent investor ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants Ferreira, Parker, Carlos Rodriguez, and Macias failed to present the $15 million offer to the shareholders at the December 17, 2021, meeting.

93.    Defendant Gabina Rodriguez continues to serve as "receiver" of ENB's majority shareholder Mercorp, thereby exercising virtually unfettered control over the ENB Board and ENB.

94.    Defendant Gabina Rodriguez is an agent of the U.S. sanctioned Maduro regime in Venezuela, and as long as she remains in complete control of ENB, the Maduro regime has access to the United States financial system, allowing the Maduro regime to evade the U.S. OFAC sanctions.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

**DEMAND FOR ACTION BY THE ENB BOARD OF DIRECTORS WOULD BE FUTILE**

95.     The Minority Shareholders have made past demands on Defendants to take action to remedy the management deficiencies, self-dealing, and improper control of ENB by the Maduro regime, but Defendants have taken no action.

96.     For example, following the OCC's November 2020 findings, principals of Plaintiffs Franeker and Bancor repeatedly requested to meet with Defendants and ENB management, but their requests were denied.

97.     Consequently, on June 9, 2021, Bancor and Franeker, through undersigned counsel, provided written demand to ENB, requesting the inspection of several categories of corporate records. When the Board refused access to the majority of the documents, Bancor and Franeker were forced to file suit.

98.     At the shareholders meeting on December 17, 2021, the Minority Shareholders orally protested and objected to the election of the Board. Defendants Ferreira, Parker, Carlos Rodriguez, and Macias ignored these protests.

99.     Following the December 17, 2021, shareholder meeting, on or about December 20, 2021, Juan Santaella and Juan B. Santaella, principals of Bancor, wrote to Defendant Louis Ferreira, Chairman of the ENB Board of Directors, repeating their objections to Defendants' actions regarding the December 17, 2021, elections. The correspondence demanded that Ferreira remedy the Board's "arbitrary and unjust action" in removing Juan Santaella and Juan B. Santaella as election judges at the December 17 meeting. Juan Santaella and Juan B. Santaella have not received a response to this correspondence.

100.     Underlying these repeated failures by Defendants is the fact that Defendant Gabina Rodriguez continues to serve as receiver—appointed by the Maduro regime—of ENB's majority

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR  |  MIAMI, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

shareholder, Mercorp. Thus, the Venezuelan Government, through Gabina Rodriguez, maintains control over ENB.

101.     As compensation for their loyalty to Gabina Rodriguez and the Venezuelan Government, as set forth fully in paragraphs 46-60, Defendants stand to benefit financially from the RSU Plan and stock compensation scheme.

102.     In light of the events at the December 17, 2021, shareholders meeting and of Defendant Ferreira's failure to respond to the Bancor principals' December 20, 2021, correspondence, it is clear that the Board as currently composed is unwilling to take any action to remedy its violations of the ENB Articles of Incorporation, the ENB By-laws, and the 2020 OCC Consent Order.

103.     It has also become apparent that the ENB Board is willing to make false and misleading statements and omissions to OFAC and the OCC in order to allow Gabina Rodriguez and the Venezuelan Government to remain in control despite the 2020 Consent Order.

104.     Given the foregoing, additional pre-suit demand to take remedial measures was not sent to the ENB Board, as such demand would no doubt be ignored.

## COUNT I – BREACH OF FIDUCIARY DUTY OF CARE

105.     Plaintiffs re-allege and incorporate paragraphs 1 through 104 above as though fully set forth herein.

106.     As directors and/or officers of ENB, each of the Defendants owes a fiduciary duty of care to the Bank. This duty includes an obligation to perform their corporate duties with such care as an ordinarily prudent person in a like position would exercise under similar circumstances, as set forth in Fla. Stat. §§ 607.0830, 607.0831.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

107.    Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, and Carlos Rodriguez breached their duty of care in multiple ways, in 2018, including the following:

    a.    Failing to comply with the express terms of the 2018 Consent Order, as alleged in paragraphs 27-36, and as fully set forth in the 2020 Consent Order, attached as Exhibit 2;

    b.    Failing to hold an annual shareholders meeting and Board election in 2018;

    c.    Failing to submit independent auditors' report to the Bank's shareholders for the year 2018;

    d.    Failing to hold a shareholder vote for ratification of Defendants' RSU Plan and stock compensation scheme, and improperly giving Gabina Rodriguez sole authority over the plan;

    e.    █████████████████████████████████████████ ██████████

    f.    Approving the RSU Plan that is the result of self-dealing for Defendants' own benefit, without providing value to ENB's shareholders; and

    g.    Allowing the Bank to be managed and controlled at the direction of the Government of Venezuela.

108.    Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, Carlos Rodriguez, and Ferreira breached their duty of care in multiple ways, from 2019 through March 2021, including the following:

    a.    Failing to comply with the express terms of the 2018 Consent Order, as alleged in paragraphs 27-36, and as fully set forth in the 2020 Consent Order, attached as Exhibit 2;

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR  |  MIAMI, FL 33134  |  T 305.740.1975  | WWW.LEONCOSGROVE.COM

b.   Failing to hold an annual shareholders meeting and Board election in 2019 and 2020;

c.   Failing to submit independent auditors' reports to the Bank's shareholders for the years 2019 and 2020;

d.   Failing to hold a shareholder vote for ratification of the expansion of Defendants' RSU Plan and stock compensation scheme, and improperly giving Gabina Rodriguez sole authority over the plan;

e.   ████████████████████████████████████████████████
     ████████████████████

f.   Approving the expansion of the RSU Plan that is the result of self-dealing for Defendants' own benefit, without providing value to ENB's shareholders;

g.   Allowing the Bank to be managed and controlled at the direction of the Government of Venezuela;

h.   Making misrepresentations to OFAC that Gabina Rodriguez acts independently of the Government of Venezuela;

i.   Failing to comply with the express terms of the 2020 Consent Order and acting unreasonably to delay full compliance with the Order in multiple ways (, including the following:

    i.    Failing to implement reasonable comprehensive corporate governance procedures including Board oversight of the Bank's management;

    ii.   Failing to facilitate the addition of at least two new independent directors to the ENB Board;

    iii.  Failing to comply with OCC capitalization requirements;

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

    iv.  Implementing a compensation program (the RSU Plan) that had not been approved by the OCC in violation of Article V of the 2020 Consent Order.

109.    Defendants Macias, Parker, Carlos Rodriguez, and Ferreira breached their duty of care in multiple ways, from about March 2021 through the present, including the following:

a.  Failing to comply with the express terms of the 2020 Consent Order in multiple ways, including the following:

    i.  Failing to implement reasonable comprehensive corporate governance procedures including Board oversight of the Bank's management;

    ii.  Failing to facilitate the addition of at least two new independent directors to the ENB Board and holding an election for the Board with only one independent candidate, in direct contravention of Article VI of the 2020 Consent Order, ███████████████████████████████ ██████

    iii.  Failing to comply with OCC capitalization requirements;

    iv.  Implementing a compensation program (the RSU Plan) that had not been approved by the OCC in violation of Article V of the 2020 Consent Order;

b.  ███████████████████████████████████ ████████████████████

c.  Allowing the Bank to be managed and controlled at the direction of the Government of Venezuela;

d.  Failing to hold a shareholder vote for ratification of the expansion of Defendants' RSU Plan and stock compensation scheme, and improperly giving Gabina Rodriguez sole authority over the plan;

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

e. ██████████████████████████████████████████████

██████████████████████

f. Approving the expansion of the RSU Plan that is the result of self-dealing for Defendants' own benefit, without providing value to ENB's shareholders;

g. ██████████████████████████████████████████████

████████████████████████████████

h. Appointing invalid elections judges at the December 2021 meeting, in violation of Article II Section 8 of the ENB By-Laws, requiring that election judges be appointed "from among the Shareholders by the Board of Directors";

i. ██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████

j. ██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

k. Facilitating Gabina Rodriguez's (and the Maduro regime's) improper use of Mercorp's majority ownership of the Bank to act as a sole shareholder and to circumvent Gabina Rodriguez's removal from the ENB Board.

110. As a direct and proximate result of Defendants' breach of their fiduciary duty of care, ENB has suffered damages, including but not limited to, shareholder value.

111. Plaintiffs also seek injunctive relief from the Court:

25

a. Nullifying all actions taken at the December 17, 2021, shareholder meeting, including the election of the Board of Directors and the vote to approve the authorization of the additional shares of ENB stock;

b. Ordering that Defendants Ferreira, Parker, Carlos Rodriguez, and Macias notice and hold a shareholders meeting for the purpose of electing a Board of Directors that complies with the ENB's Articles of Incorporation and By-laws and the 2020 Consent Order;

c. Enjoining Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking any action to implement the stock compensation scheme without proper authorization by the OCC and OFAC and without ratification of the plan by shareholder vote.

**WHEREFORE**, Plaintiffs derivatively on behalf of ENB, respectfully request that this Court (1) enter judgment against Defendants for all damages suffered by ENB, interest, attorneys' fees and costs pursuant to Fla. Stat. § 607.0746; (2) enter a judgment for injunctive relief  (a) nullifying all actions taken at the December 17, 2021, shareholder meeting, including the election of the Board of Directors and the vote to approve the authorization of the additional shares of ENB stock; (b) ordering that Defendants Ferreira, Parker, Carlos Rodriguez, and Macias notice and hold a shareholders meeting for the purpose of electing a Board of Directors that complies with the ENB's Articles of Incorporation and By-laws and the 2020 Consent Order; (c) enjoining Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking any action to implement the stock compensation scheme without proper authorization by the OCC and OFAC and without ratification of the plan by shareholder vote; and (3) grant other and further relief as the Court deems just and proper.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR │ MIAMI, FL 33134 │ T 305.740.1975 │ WWW.LEONCOSGROVE.COM

## COUNT II – BREACH OF FIDUCIARY DUTY OF LOYALTY AND GOOD FAITH

112.    Plaintiffs re-allege and incorporate paragraphs 1 through 104 above as though fully set forth herein.

113.    As directors and/or officers of ENB, Defendants also owe fiduciary duties of good faith and loyalty to Plaintiffs. These duties include obligations to perform their corporate duties in good faith, and in a manner which he or she reasonably believes to be in the best interests of ENB, as set forth in Fla. Stat. §§ 607.0830, 607.0831.

114.    Directors and officers have an obligation to avoid fraud, bad faith, usurpation of corporate opportunities, and self-dealing. Directors and officers cannot, either directly or indirectly, in their dealings on behalf of ENB, make any profit or acquire any other personal benefit or advantage, not also enjoyed by ENB. In addition, it is a violation of the duty of good faith when a director or officer acts with the intent to violate the law intentionally fails to act in the face of a known duty to act.

115.    Defendants Macias, Parker, Carlos Rodriguez, and Ferreira breached their duties of good faith and loyalty by taking actions and making decisions to propose, improperly approve, and facilitate implementation of the stock compensation scheme, for their personal economic benefit, and to the detriment of ENB. Defendants have also violated their duty of good faith and loyalty by intentionally violating obligations to the OCC and OFAC.

116.    Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, Carlos Rodriguez breached their duty of loyalty and good faith in multiple ways, in 2018, including the following:

      a.    Failing to comply with the express terms of the 2018 Consent Order, as alleged in paragraphs 27-36, and as fully set forth in the 2020 Consent Order, attached as Exhibit 2;

27

b.  Failing to hold a shareholder vote for ratification of Defendants' RSU Plan and stock compensation scheme, and improperly giving Gabina Rodriguez sole authority over the plan;

c.  Approving the RSU Plan that is the result of self-dealing for Defendants' own benefit, without providing value to ENB's shareholders;

d.  Allowing the Bank to be managed and controlled at the direction of the Government of Venezuela, for the benefit of Defendants and to the detriment of ENB.

117.  Defendants Gabina Rodriguez, Gomez Valero, Macias, Parker, Carlos Rodriguez breached their duty of loyalty and good faith in multiple ways, from 2019 through March 2021, including the following:

a.  Failing to comply with the express terms of the 2018 Consent Order, as alleged in paragraphs 27-36, and as fully set forth in the 2020 Consent Order, attached as Exhibit 2;

b.  Failing to comply with the express terms of the 2020 Consent Order and acting unreasonably to delay full compliance with the Order in multiple ways;

c.  Failing to hold a shareholder vote for ratification of the expansion of Defendants' RSU Plan and stock compensation scheme, and improperly giving Gabina Rodriguez sole authority over the plan;

d.  ███████████████████████████████████████████
    ████████████████████

e.  Approving the expansion of the RSU Plan that is the result of self-dealing for Defendants' own benefit, without providing value to ENB's shareholders;

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

f.   Allowing the Bank to be managed and controlled at the direction of the Government of Venezuela, for the benefit of Defendants and to the detriment of ENB, by among other things:

    i.   ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████

    ii.   ████████████████████████████████████ ████████████████████████████████

    iii.   Failing to facilitate the addition of at least two independent directors to the ENB Board and holding an election for the Board with only one independent candidate;

    iv.   Appointing invalid elections judges at the December 2021 meeting;

    v.   ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████████

    vi.   ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

      vii.  Facilitating Gabina Rodriguez's (and the Maduro regime's) improper use of Mercorp's majority ownership of the Bank to act as a sole shareholder and to circumvent Gabina Rodriguez's removal from the ENB Board.

118.    As a direct and proximate result of Defendants' breach of their fiduciary duties of good faith and loyalty, ENB has suffered damages, including but not limited to, shareholder value.

119.    Plaintiffs also seek injunctive relief from the Court:

    a.  Nullifying all actions taken at the December 17, 2021, shareholder meeting, including the election of the Board of Directors and the vote to approve the authorization of the additional shares of ENB stock;

    b.  Ordering that Defendants Ferreira, Parker, Carlos Rodriguez, and Macias notice and hold a shareholders meeting for the purpose of electing a Board of Directors that complies with the ENB's Articles of Incorporation and By-laws and the 2020 Consent Order;

    c.  Enjoining Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking any action to implement the stock compensation scheme without proper authorization by the OCC and OFAC and without ratification of the plan by shareholder vote.

**WHEREFORE**, Plaintiffs derivatively on behalf of ENB, respectfully request that this Court (1) enter judgment against Defendants for all damages suffered by ENB, interest, attorneys' fees and costs pursuant to Fla. Stat. § 607.0746; (2) enter a judgment for injunctive relief  (a) nullifying all actions taken at the December 17, 2021, shareholder meeting, including the election of the Board of Directors and the vote to approve the authorization of the additional shares of ENB stock; (b) ordering that Defendants Ferreira, Parker, Carlos Rodriguez, and Macias notice and hold

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

a shareholders meeting for the purpose of electing a Board of Directors that complies with the ENB's Articles of Incorporation and By-laws and the 2020 Consent Order; (c) enjoining Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking any action to implement the stock compensation scheme without proper authorization by the OCC and OFAC and without ratification of the plan by shareholder vote; and (3) grant other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: January 14, 2022                     Respectfully submitted,


**Derek E. León**
Derek E. León
  Florida Bar No. 625507
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.351.4059
Email: dleon@leoncosgrove.com
Email: eperez@leoncosgrove.com

*Counsel for Plaintiffs*

## VERIFICATION BY WAY OF DECLARATION

Under penalty of perjury, I declare that I have read the foregoing Verified Complaint, and the facts alleged therein are true and correct to the best of my knowledge, and that I am authorized to make this Verification on behalf of Stitching Particulier Fonds Franeker and Bancor Group Inc.

STITCHING   PARTICULIER   FONDS
FRANEKER

BANCOR GROUP INC.

Signature: _JSantaella_

Name: _JUAN SANTAELLA_

Title: _MANAGING DIRECTOR_

Date: _1/14/2021_

Signature: _JSantaella_

Name: _JUAN SANTAELLA_

Title: _PRESIDENT_

Date: _1/14/2021_

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM