UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20201-DPG

BANCOR GROUP, INC., and STITCHING
PARTICULIER FONDS FRANEKER,
derivatively on behalf of
EASTER NATIONAL BANK, N.A.,

      Plaintiffs,

v.

GABINA RODRIGUEZ, LOUIS FERREIRA,
CESAR A. GOMEZ VALERO, KEITH PARKER,
CARLOS RODRIGUEZ, and GUSTAVO MACIAS

      Defendants.

_____/

## MOTION TO DISQUALIFY COUNSEL FOR DEFENDANTS

Plaintiffs Bancor Group, Inc. ("Bancor") and Stitching Particulier Fonds Franeker ("Franker") (collectively "Plaintiffs"), derivatively on behalf of Eastern National Bank, N.A. ("ENB" or the "Bank"), by and through undersigned counsel, file this Motion for Disqualification ("Motion"), seeking an order from this Court disqualifying attorney Michael Diaz, Jr. ("Attorney Diaz") and the law firm of Diaz, Reus & Targ, LLP ("DRT") from representing Defendants Gabina Rodriguez, Louis Ferreira, Keith Parker, Carlos Rodriguez, and Gustavo Macias (collectively "Defendants") in this action as follows:

## INTRODUCTION

Defendants' prior counsel—attorneys from the law firm of Holland & Knight LLP—moved to withdraw ("Motion to Withdraw") from this matter on September 29, 2022. Plaintiffs responded to Prior Counsel's Motion to Withdraw that same day, pointing out the conspicuous timing of the

1

request and the prejudice it would cause to Plaintiffs. Plaintiffs, however, could not comprehend the extent of the prejudice at the time, as Defendants have now hired new counsel with an extensive previous relationship to Plaintiff's beneficial owner, Mr. Juan Santaella ("Mr. Santaella"). More specifically, Defendants' new lead attorney Michael Diaz, Jr. ("Attorney Diaz") (Florida Bar No. 606774), was a named partner at the law firm Richey & Diaz, P.A. ("Richey & Diaz") when that firm represented Mr. Santaella in litigation, which was and is substantially related to this matter. Worse still, in the very first section of the first brief filed by Defendants' new counsel in this case, Defendants' launched an unwarranted *ad hominem* attack against Mr. Santaella, referring to the very cases where Mr. Diaz represented Mr. Santaella. Even though Plaintiffs have pointed out the impropriety of these attacks, Mr. Diaz has doubled down and has initiated each and every filing of this case with a section dedicated to attacking his former client's character.

Therefore, pursuant to Rules 4-1.9 and 4-1.10 of the Rules Regulating the Florida Bar ("RRTFB"), Attorney Diaz and the law firm DRT are prohibited from representing Defendants in this action, as Defendants' interests are materially adverse to those of his former client, Mr. Santaella. For this reason, Plaintiff respectfully requests that this Court enter an order disqualifying Mr. Diaz and DRT from representing Defendants in this matter.

## FACTUAL BACKGROUND

In 1996, the Venezuelan Government—by and through the Fondo de Garantia de Depositos y Proteccion Bancaria ("FOGADE")[1]—brought suit in the Southern District of Florida against several individuals and entities related to Eastern National Bank ("ENB"). *See FOGADE v. ENB Revocable Trust*, No. 96-1679-CIV (S.D. Fla. June 26, 1996) (the "Prior Litigation"). This group of defendants

---

[1] FOGADE is the Venezuelan equivalent of the United States Federal Deposit Insurance Corporation ("FDIC").

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8ᵀᴴ FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

included Mr. Santaella, both individually and on behalf of several entities. Mr. Santaella's first filing in the Prior Litigation was an emergency motion for a continuance on July 1, 1996, and the attorney who signed this filing on behalf of Mr. Santaella was William L. Richey ("Attorney Richey") (Florida Bar No. 197013) of the law firm Richey & Diaz. *See id.* at (DE 17). Attorney Diaz was the other named partner for the firm.

The Prior Litigation involved disagreements over the transfer of more than ninety-nine percent (99%) of the outstanding shares of the common stock of ENB. *Id.* Among the parties to that matter were ENB, Juan Santaella, Bancor, S.A.C.A. ("Bancor"), and the intervenor of Corpofin, C.A. ("Corpofin") for the Venezuelan Government. *Id.* The Prior Litigation, including appeals, lasted over six years, ending in October of 2002.  The Prior Litigation also involved several related bankruptcy proceedings—cited by Defendants in this matter—where Mr. Richey represented Mr. Santaella.  Mr. Richey represented Mr. Santaella (as well as a few other similarly situated defendants) from July of 1996 until he moved to withdraw as counsel for Mr. Santaella on August 28, 2000. *See In re Santaella*, Case No. 00-16366 (Bankr. S.D. Fla.) (DE 13.) Thus, Mr. Richey's representation of Mr. Santaella lasted for over four years. For at least two of those years, Mr. Richey represented Mr. Santaella as a Partner at Richey & Diaz. *See FOGADE v. ENB Revocable Trust*, No. 96-1679-CIV (S.D. Fla. June 26, 1996) (DE 919; August 5, 1998 filing made by Richey & Diaz P.A.)

Now, Mr. Diaz—along with other attorneys from DRT—have entered their appearance on behalf of Defendants in this matter (the "Matter")[2], and filed (1) a Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction ("Response") (2) a motion to stay this matter and (3) a response in opposition to Plaintiffs' motion for consolidation. *See* [DE 128-132.] Nowhere

---

[2] For purposes of this motion, the Matter includes *Bancor v. Rodriguez, et al*, Case No. 22-cv-20201-DPG/EGT and *Mercorp v. Ferreira, et al*, Case No. 22-cv-22850-DPG.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8ᵀᴴ FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

in these filings does Attorney Diaz acknowledge his prior relationship with Mr. Santaella, or his previous firm's involvement in the Prior Litigation. On the other hand, each of these documents begin with *ad hominem* attacks launched at Mr. Santaella, who is not a party to this case and has not offered any testimony.

## **LEGAL STANDARD**

"Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear ... Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x. 745, 752 (11th Cir. 2006). S.D. Fla. Local Rule 11.1(c) provides, in relevant part, that "[(t)he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar." "The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification." *Herrmann*, 199 F. App'x. at 751 (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). Importantly, "even an appearance of impropriety may… require prompt remedial action from the court … Consequently, any doubt is to be resolved in favor of disqualification." *McPartland v. ISI Inv. Servs., Inc.*, 890 F. Supp. 1029, 1031 (M.D. Fla. 1995).

## **ARGUMENT**

### I. **The Rules Regulating The Florida Bar Require Disqualification of Attorney Diaz and DRT.**

Rule 4-1.9 provides, in relevant part:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR │ MIAMI, FL 33134 │ T 305.740.1975 │ WWW.LEONCOSGROVE.COM

the interests of the former client unless the former client gives informed consent;

(b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known ...”

R. Regulating the Fla. Bar 4-1.9.

To prevail on a motion to disqualify under Rule 4-1.9, the movant must establish: (i) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship; and (ii) that the matters in the pending suit are substantially related to the previous matters or causes of action in which the attorney represented the client. *See Perez v. City of Hialeah*, 526 F. Supp. 3d 1304, 1312 (S.D. Fla. 2020); *Estate of Jones ex rel. Gay v. Beverly Health & Rehab. Servs., Inc.*, 68 F. Supp. 2d 1304, 1308 (N.D. Fla. 1999) (citing to *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 728 (11th Cir. 1988)). For purposes of a motion to disqualify, “the presumed access of a partner to confidential information imputes knowledge of that information to others in his firm.” *See Sears, Roebuck & Co. v. Stansbury*, 374 So.2d 1051, 1053 (Fla. 5th DCA 1979). Additionally, “[m]atters are ‘substantially related’ for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client.” Comment to R. Regulating the Fla. Bar 4-1.9.

    a.   <u>Mr. Santaella is a former client of Attorney Diaz.</u>

Upon being named as a defendant in the Prior Litigation, Mr. Santaella engaged Richey & Diaz to represent him. Over the course of that representation, Mr. Santaella developed an attorney-client relationship with Attorney Diaz.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR │ MIAMI, FL 33134 │ T 305.740.1975 │ WWW.LEONCOSGROVE.COM

An attorney-client relationship is formed when a client consults an attorney with the intention of employing him, even if the client does not formally hire the attorney. *See Metcalf v. Metcalf*, 785 So. 2d 747, 750 (Fla. 5th DCA. 2001). The existence of the relationship depends on "the perspective of the person seeking out the lawyer[.]" *See Bartholomew v. Bartholomew*, 611 So.2d 85, 86 (Fla. 2d DCA. 1992) (existence of attorney-client relationship based on the subjective intent of client). The law does not require a long-term or complicated attorney/client relationship to fulfill the first prong of the test for disqualification. *McPartland.*, 890 F. Supp. at 1031.  Moreover, "the presumed access of a partner to confidential information imputes knowledge of that information to others in his firm."  *See Sears, Roebuck & Co*., 374 So.2d at 1053.

There is no disputing that Mr. Santaella had an attorney-client relationship with Mr. Richey or that, for at least two years of Mr. Richey's representation of Mr. Santaella, Mr. Richey was associated with Richey & Diaz. In Florida, "once the attorney-client relationship is established, there is an *irrebuttable* presumption the members of the firm have obtained confidential knowledge from the relationship." *Matter of Outdoor Prod. Corp*., 183 B.R. 645, 648–49 (Bankr. M.D. Fla. 1995); *see also Cox v. Am. Cast Iron Pipe Co*., 847 F.2d 725, 729 (11th Cir. 1988) ("The facts are clear in this case that Wiggins has never represented ACIPCO. However, it is equally clear that Wiggins' current partner, Childs, participated in an attorney-client relationship with ACIPCO. Because Childs actually represented ACIPCO, he is charged with the virtually unrebuttable presumption that he has received confidential information from the company."); *First Fid. Tr. Servs., Inc. v. Shelter Cove Condo. Ass'n, Inc*., 329 So. 3d 222, 224 (Fla. 1st DCA. 2021) ("lawyers in firms share their conflicts"). Accordingly, under Florida law, there was an attorney-client relationship between Mr. Santaella and Attorney Diaz.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR  |  MIAMI, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Additionally, even though Mr. Richey was the main lawyer working the case during that representation, Mr. Santaella met with Mr. Diaz on more than one occassion to discuss the facts of the case and shared confidential information with Mr. Diaz. *See* Declaration of Juan Santaella attached as **Exhibit A.** For these reasons, it is clear that an attorney-client relationship existed between Attorney Diaz and Mr. Santaella.

      b.   This case is substantially related to the Prior Litigation.

For purposes of Rule 4-1.9, to be "substantially related," the two matters "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *McPartland.*, 890 F.Supp. 1029 at 1031.

The Court need only look to Defendants' Response to confirm these matters are substantially related. In the Response, Attorney Diaz wastes no time acknowledging that Mr. Santaella has been in litigation surrounding his ownership of ENB for "nearly thirty years," even going so far as to say that this case is "another attempt by Mr. Juan Santaella to take back" ENB. [DE 132 at 2.] The Response then cites directly to the Prior Litigation as a case regarding "outstanding shares" of ENB.[3] [*Id.*] As the Supreme Court of Florida stated in their amendments to the rule in 2006:

> Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client. For example, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.

---

[3] *FOGADE v. ENB Rev. Trust,* 263 F.3d at 1292 (11th Cir. 2001) is the appeal of the Prior Litigation to the Eleventh Circuit Court of Appeals.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

*In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d 417, 445 (Fla. 2006).

As in the first example put forth by the Supreme Court, the legal dispute in this Matter is "akin" to the Prior Litigation, and Attorney Diaz is now on the opposite side. Both cases involve issues related to the Government of Venezuela's control over ENB. In the Prior Litigation, Attorney Diaz and his firm defended Mr. Santaella with respect to the actions that FOGADE took against Mr. Santaella during the financial crisis of 1994, and now Attorney Diaz and DRT have been retained to fight *for* the Government of Venezuela's purported ownership and control of ENB. *See Mercorp v. Ferreira, et al,* Case No. 22-cv-22850-DPG (Motion to Stay—arguing that the Court should recognize the Government of Venezuela's control of Corpofin C.A.). Indeed, the first two pages of every filing made by DRT in this Matter are dedicated to attacking Mr. Santaella's character based on his conduct in the Prior Litigation where he was represented and guided by Richey & Diaz. DRT is also seeking to depose Mr. Santaella in this matter even though he is not a party and has offered no testimony. The only reasonable inference is that DRT is seeking an opportunity to attack Mr. Santaella for events that occurred in the Prior Litigation. Thus, DRT has certainly made it clear that these matters are related.

Consequently, Attorney Diaz has a clear conflict of interest pursuant to Rule 4-1.9(b), and he should be disqualified from representing Defendants in this action. *See* R. Regulating Fla. Bar 4-1.9(b).

c.   <u>DRT should also be disqualified from representing Defendants in this action</u>

As stated above, "once the attorney-client relationship is established, there is an *irrebuttable* presumption the members of the firm have obtained confidential knowledge from the relationship." *Matter of Outdoor Prod. Corp.*, 183 B.R. at 648–49. Moreover, Rule 4-1.10(b) states that:

> When a lawyer becomes associated with a firm, the firm may not
> knowingly represent a person in the same or a substantially related

> matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

Here, the instant case is "substantially related" to the Prior Litigation, Defendants interests are "materially adverse" to Mr. Santaella's, and the information obtained by Attorney Diaz during the Prior Litigation is being used against Mr. Santaella in this case. Accordingly, Attorney Diaz's conflict extends to DRT *and* DRT should be disqualified from representing Defendants in this matter. *See Gaton v. Health Coalition*, 745 So. 2d 510 (3d DCA 1999) (Court disqualified entire law firm because of conflict of single lawyer who previously worked for a party to the case).

## II.     The Court Should Exercise Its Discretion to Disqualify Defendants' Counsel.

This Court should exercise its discretion to disqualify Attorney Diaz and DRT from representing Defendants here because Mr. Santaella is a former client of Attorney Diaz, and the issues in the Prior Litigation are "akin" to those here, such that Bancor and Franeker (through Mr. Santaella) would be at a significant disadvantage.

Courts have discretion in deciding whether to disqualify a party's chosen counsel even when there is an established conflict of interest. *See Atlas Air, Inc. v. Greenberg Traurig, P.A.*, 997 So. 2d 1117, 1118 (Fla. 3d. DCA 2008). Courts in this District have held that justifications for disqualifying a party's attorneys include: (1) to prevent the unfairness that would occur should an attorney be permitted to reveal confidences of a former client to the client's adversary; (2) to ensure that the free flow of communication between a client and an attorney is not frustrated; and (3) to preserve the integrity of the judicial system and perception of attorneys generally. *See U.S. ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1268, 1278 (S.D. Fla.), *aff'd*, 101 F. Supp. 3d 1280 (S.D. Fla. 2015). Indeed, the Court in *Atlas Air* found that:

> While recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, we believe the prudent course in this case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance. Thus, how much of an advantage, if any, one party may gain over another we cannot measure. However, the possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process.

*Atlas Air*, 1119.[4]

The same is true here. Defendants' *ad hominem* attacks against Mr. Santaella in each of their filings show Defendants' counsel intent to draw on their knowledge of the Prior Litigation to try and skew the Court in Defendants' favor. The "appearance of impropriety" here is, therefore, evident. This Court should not prejudice Plaintiffs by allowing Defendants to improperly benefit from Attorney Diaz's knowledge of the Prior Litigation.

For these reasons, Attorney Diaz and DRT should be disqualified from representing Defendants in this matter.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order disqualifying Attorney Diaz and the entire DRT law firm from representing Defendants in this matter and granting such other and further relief as the Court deems just and proper.

---

[4] While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement. In *State Farm Mut. Auto. Co. v. K.A.W.*, 575 So.2d 630, 633 (Fla. 1991), the Florida Supreme Court ruled that attorneys must still avoid the appearance of professional impropriety. It has been held that "even an appearance of impropriety may, under the appropriate circumstances, require prompt remedial action from the court ... Consequently, any doubt is to be resolved in favor of disqualification." *Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992).

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Plaintiff Bancor Group Inc.

and Stitching Particulier Fonds Franeker certifies that he has conferred with Defendants' counsel

who opposes the relief sought herein.

Date: November 3, 2022                           Respectfully submitted,

**Diego Pérez Ara**
Derek E. León
  Florida Bar No. 625507
Diego Pérez Ara
  Florida Bar No. 1023765
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.351.4059
Email: dleon@leoncosgrove.com
Email: dperez@leoncosgrove.com
Email: eperez@leoncosgrove.com
Email: aquezada@leoncosgrove.com

Gregory S. Carter, Esq. (*Pro Hac Vice*)
**LEÓN COSGROVE, LLP**
999 18th Street, Suite 1925N
Denver, Colorado 80202
Telephone: (720) 689-7018
Email: gcarter@leoncosgrove.com
Email: rmartinez@leoncosgrove.com

*Counsel for Plaintiffs*