UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-20201-GAYLES/TORRES

BANCOR GROUP INC., et al.,

        Plaintiffs,

v.

GABINA RODRIGUEZ, et al.,

        Defendants.

_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"). [ECF No. 145]. The action was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 9]. On December 21, 2022, Judge Torres issued his report recommending that the Motion be denied (the "Report"). [ECF No. 175]. Defendants have timely objected to the Report, [ECF No. 181], and Plaintiffs have filed a response to the Objections, [ECF No. 201].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres finds that, based on the allegations in the Complaint,[1] Plaintiffs' state law breach of fiduciary duty claims arose from traditional international banking activities such that this Court has subject matter jurisdiction pursuant to the Edge Act, 12 U.S.C. §§ 601 *et seq.*. The Court has reviewed the Report, Defendants' objections, and Plaintiffs' response to the objections and has conducted a *de novo* review of the record.[2] The Court agrees with Judge Torres's well-reasoned finding that, upon a review of the Complaint, this Court has jurisdiction under the Edge Act. Therefore, the Motion shall be denied.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Torres's Report and Recommendation, [ECF No. 175], is **ADOPTED in full**;

(2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 145] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of April, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Motion presents a facial attack on the Court's subject matter jurisdiction.

[2] On March 9, 2023, Defendants filed their Second Amended Notice of Filing February 17, 2023 Deposition Transcript of C. Wayne Crowell, presumably in support of their Motion. [ECF No. 221]. The Court does not consider this supplemental filing because it was not first presented to Magistrate Judge Torres for his review of the facial attack on this Court's subject matter jurisdiction. *See Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").