UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-20201-GAYLES/TORRES

**BANCOR GROUP INC., et al.,**

    Plaintiffs,

**v.**

**GABINA RODRIGUEZ, et al.,**

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Partial Summary Judgment ("Plaintiff's Motion"), [ECF No. 261]; Directors Gabina Rodriguez, Keith Parker, Carlos Rodriguez, and Gustavo Macias' Motion for Summary Judgment ("Directors' Motion"), [ECF No. 263]; and Director Louis Ferreira's Motion for Summary Judgment ("Ferreira's Motion"). [ECF No. 264].[1] The action was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 9]. On July 5, 2023, Judge Torres issued his report recommending that Plaintiffs' Motion be denied, Directors' Motion be denied, and Ferreira's Motion be granted in part and denied in part (the "Report"). [ECF No. 361]. Plaintiffs, Directors, and Ferreira have each timely objected to the Report. [ECF Nos. 366, 367, 368].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

---

[1] Unredacted versions of Plaintiffs' Motion and the Directors' Motion were filed at ECF Nos. 259, 268.

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres finds that (1) genuine issues of material fact exist as to whether the business judgment rule shields Defendants' conduct and whether Defendants' alleged fiduciary breaches proximately caused damage to Eastern National Bank, N.A.,[2] (2) Plaintiffs are not asking the Court to enforce a regulatory consent order, (3) Ferreira cannot be held liable for conduct that occurred before he joined the bank, (4) the Court has supplemental subject matter jurisdiction over the claims against Ferreira, and (5) Plaintiffs are not entitled to summary judgment on nine of Defendants' alleged defenses. [ECF No. 361]. The Court has reviewed the Report and the objections and has conducted a *de novo* review of the record. The Court agrees with Judge Torres's finding that the Directors and Ferreira's Motions should be denied. The Court also agrees that Plaintiffs' Motion should be denied except as to the Thirteenth Defense.

In their Thirteenth Defense, Defendants state that "Plaintiffs' claims are barred because this action was filed with an improper motive, not in the best interest of the ENB and in pursuit of Plaintiffs' own personal interests as opposed to the shareholders of ENB." *Id.* at 44. Plaintiffs moved for summary judgment as to the Thirteenth Defense because "improper motive" is not an

---

[2] In his objections, Ferreira contends that Judge Torres failed to address his arguments as to causation. Not so. Ferreira mistakenly reads the Report as disposing of all the claims against him. However, the Report only found that Ferreira could not be held liable for events that preceded his membership on the Board. With respect to the purported breaches that occurred after Ferreira joined the Board, the Report found general issues of material fact as to causation for the claims against all Defendants. *See* [ECF No. 361 at 6-7].

affirmative defense to a breach of fiduciary duty claim. In response, and for the first time, Defendants argued that Plaintiffs' motive is relevant to whether Plaintiffs' have standing to bring this derivative action under Federal Rule of Civil Procedure 23.1(a).

Rule 23.1(a) provides that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). Defendants argue, and Judge Torres agreed, that if Defendants can prove that Plaintiffs initiated this action with an improper motive, Plaintiffs might not have standing under Rule 23.1(a) to bring this action. This argument, however, does not save the Thirteenth Defense.

First, improper purpose is not a defense to a breach of fiduciary duty claim. *See e.g.*, *PetMed Express, Inc. v. Healthy Pets, Inc.*, No. 09-cv-23533, 2010 WL 11505139, at *1 n.1 (S.D. Fla. Feb. 10, 2010) (striking "improper purpose" affirmative defense because "assertions of improper purpose . . . are [not] properly addressed by way of . . . an affirmative defense."). Therefore, as pled, the Thirteenth Defense fails as a matter of law.

Second, the Thirteenth Defense, on its face, does not raise lack of statutory standing under Rule 23.1(a) as a defense.[3] Properly pled affirmative defenses must provide defendants with "fair notice of the nature of the defense and the grounds upon which it rests." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019). To the extent Defendants intended to raise lack of statutory standing under Rule 23.1(a) as an affirmative defense, they failed. Indeed, the Thirteenth Defense does not even reference Rule 23.1(a).[4] Defendants cannot

---

[3] "The shareholder derivative standing requirements of Federal Rule of Civil Procedure 23.1 involve prudential limitations, not constitutional limitations." *First Hartford Corp. v. Pension Plan & Trust v. U.S.*, 194 F.3d 1279, 1290 (Fed. Cir. 1999). Prudential—or statutory—standing "encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights." *The Wilderness Soc. v. Kane County, Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (internal quotation omitted).

[4] Moreover, even if Defendants had asserted Rule 23.1(a), lack of standing is not an affirmative defense. *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, No. 20-24681, 2023 WL 3198192, at * 22 (S.D. Fla. May 2,

amend their affirmative defenses via a response to a summary judgment motion. Accordingly, Plaintiffs are entitled to summary judgment as to the Thirteenth Defense.[5]

## CONCLUSION

After careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Torres's Report and Recommendation, [ECF No. 361], is **ADOPTED in part**;

(2) Plaintiffs' Motion for Partial Summary Judgment, [ECF No. 261], is **GRANTED in part as to the Thirteenth Defense and otherwise DENIED;**

(3) Directors Gabina Rodriguez, Keith Parker, Carlos Rodriguez, and Gustavo Macias' Motion for Summary Judgment, [ECF No. 263], and Director Louis Ferreira's Motion for Summary Judgment, [ECF No. 264]. are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of October, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

2023) (granting summary judgment in favor of plaintiff on defendant's affirmative defense of lack of standing under the Lanham Act because the defense was a "mere denial[], going to the elements of [plaintiff's] prima facie case, and not appropriately labeled as [an] affirmative defense[].").

[5] The Court notes that Defendants have likely waived any arguments regarding statutory (or prudential) standing under Rule 23.1(a). While the Eleventh Circuit has not decided the issue, *See Wolff v. Cash 4 Titles,* 351 F.3d 1348, 1358 (11th Cir. 2003), other appellate courts have held that prudential standing requirements, unlike Article III standing, may be waived. *See e.g. The Wilderness Soc.*, 632 F.3d at 1168 n.1 ("[P]rudential standing is not a jurisdictional limitation and may be waived."); *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999) (holding that statutory standing can be waived). Here, Defendants have had multiple attempts to raise the issue under Rule 23.1(a), yet chose not to do so. In their Motion to Dismiss [ECF No. 21], Defendants argued that Plaintiffs failed to comply with the pre-suit demand requirements of Rule 23.1(b) but never mentioned standing under Rule 23.1(a). Further, Defendants did not raise statutory standing as an issue in response to Plaintiffs' Motion for Preliminary Injunction. The Court also notes that even if Defendants had not waived the issue of statutory standing, that would be a determination for the Court, not a jury.