UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20201-DPG

BANCOR GROUP, INC., and STITCHING
PARTICULIER FONDS FRANEKER,
derivatively on behalf of
EASTERN NATIONAL BANK, N.A.,

     Plaintiffs,

v.

GABINA RODRIGUEZ, LOUIS FERREIRA,
CESAR A. GOMEZ VALERO, KEITH PARKER,
CARLOS RODRIGUEZ, and GUSTAVO MACIAS

     Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANTS WITH
<u>LIMITED EXPEDITED DISCOVERY</u>**

Plaintiffs Bancor Group Inc. ("Bancor") and Stitching Particulier Fonds Franeker ("Franeker") (collectively, the "Minority Shareholders"), derivatively on behalf of Eastern National Bank, N.A. ("ENB" or the "Bank") (collectively "Plaintiffs"), submit this Motion for Limited Expedited Discovery against Defendants Gabina Rodriguez, Keith Parker, Carlos Rodriguez, Gustavo Macias, and Louis Ferreira's (collectively "Defendants"). After a status conference on July 9, 2024, the Court scheduled an evidentiary hearing for July 29, 2024 to consider Plaintiffs' request for a permanent injunction. Dkt. 541. Plaintiffs are requesting a permanent injunction that would: (1) nullify all actions taken at the December 17, 2021, shareholder meeting, including the election of the Board of Directors and the vote to approve the authorization of the additional shares of ENB stock; (2) order Defendants Ferreira, Parker, Carlos

Rodriguez, and Macias notice and hold a shareholders meeting for the purpose of electing a Board of Directors that complies with the ENB's Articles of Incorporation and By-laws and the 2020 Consent Order; (c) enjoin Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking any action to implement the Equity Incentive Plan that would allow for the issuance of restricted stock units ("RSUs"). Dkt. 1 *at* 31.[1] Plaintiffs move for expedited discovery based on additional information that Defendants disclosed during and after trial that is relevant to this permanent injunction. Given the timeframe, Plaintiffs further move this Court to order Defendants to respond within five days to Plaintiffs' request for production contained within this motion.

**ARGUMENT**

**I.     Plaintiffs are entitled to post-trial discovery given the new information that Defendants have provided during and after trial.**

In advance of the evidentiary hearing, Plaintiffs seek limited post-trial discovery relevant to its request for a permanent injunction. Given the window of time before the evidentiary hearing, whether on July 29 or the week of August 12 (as requested in a separate motion), Plaintiffs request that this discovery occur on an expedited basis so as to respect the Court's timeframe. Plaintiffs' request for limited expedited discovery is not made for the purposes of delay and will result in no prejudice to Defendants. However, Plaintiffs *will* be prejudiced if they are denied the opportunity to explore the supposed re-capitalization deal with the Monasterio Investor Group and the related Office of Foreign Assets Control ("OFAC") license that Defendants claim authorize it. Plaintiffs therefore seek a Court order compelling Defendants to provide limited information on an expedited basis so that the injunction hearing may proceed in a timely fashion.

---

[1] In a separate motion, Plaintiffs requested that this Court continue this evidentiary hearing by 15 days, to the week of August 12, 2024 to accommodate the schedule of a key witness, Adam Smith.

### A. Legal Standard

This Court has "broad discretion to reopen a case to accept additional evidence." *Hibiscus Assocs. Ltd. v. Bd. of Trustees of Policemen & Firemen Ret. Sys. of City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971)). This discretion extends to post-trial discovery. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001); *Hewlett v. Davis*, 844 F.2d 109, 115 (3d Cir. 1988) (holding that "the court has discretion to order discovery in post-trial matters and may direct that the procedures of the rules be used"). Factors to be considered in permitting post-trial discovery include: "(1) the importance and probative value of the additional evidence; (2) the reasons for the moving party's failure to introduce the evidence at trial; and (3) the possibility of prejudice to the non-moving party." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 609 (5th Cir. 2000).

### B. Disclosure of the Recapitalization Deal at Trial

All factors weigh in favor of allowing post-trial discovery. During trial, Defendants testified that there is allegedly a third-party investor (who was, until July 9, an unnamed entity) that is willing to recapitalize the Bank once this litigation is concluded, including appeals. For example, Defendant Macias testified that "[w]e entered into a letter of understanding with an investor group in South America which ended up in an actual formal agreement to buy controlling interest in the bank in September of [2023]." June 25 Trial Tr. 111:20-:23. He further testified that "one of the clauses [of that agreement] call[s] for the resolution of this lawsuit." *Id.* 112:08-:13. Counsel for Defendants Brant Hadaway stated, while arguing that this Court should grant judgment as a matter of law to Defendants, that "[t]here is unrebutted testimony that the new investor group will not go forward until this lawsuit is over and that includes appeals." June 26 Trial Tr. 41:24-42:01. In addition, at the July 9 status conference, counsel for Defendants produced

what appears to be an OFAC license that they claim to have only received the evening prior (the "OFAC Document").

Defendants have claimed that the authorization of new shares is necessary to recapitalize the Bank and effectuate a change of control. *See e.g.*, June 25 Trial Tr. 5:24-6:12 (testimony of Defendant Keith Parker). Plaintiffs seek to block the authorization of new shares on the basis that it is not necessary for those purposes and because the Bank's majority shareholder, Mercorp, N.V., did not have the proper license to authorize new shares at the December 2021 shareholder meeting. Evidence relating to this additional investor group that only came to light during trial is highly probative of whether the Bank can achieve recapitalization and a change in control without the issuance of new shares. Plaintiffs sought the materials relating to the Bank's recapitalization prior to trial, but Defendants failed to meet their ongoing discovery obligations by disclosing this highly relevant information about this investor group during pre-trial discovery. Instead, they held it in confidence and, at trial, attempted to shield it through a purported non-disclosure agreement—entering evidence about the deal through Defendants' testimony without giving Plaintiffs the opportunity to vet the underlying documents or cross-examine the witnesses with such advance preparation.

### C. Disclosure of the Purported OFAC License at the July 9 Conference

In addition, Defendants only produced this new OFAC Document after trial. Plaintiffs should be able to confirm the authenticity of the OFAC Document and discover additional documents relating to it if the OFAC Document is going to inform the Court's decision on whether to grant a permanent injunction. This is a non-public document, so Plaintiffs cannot independently confirm its authenticity. The only representation that the OFAC Document is what it appears to be is the fact that Defendants' counsel produced it at the July 9 status conference.

However, Plaintiffs have noticed a number of irregularities with the OFAC Document. For example, the license number listed on page one is "VENEZUELA-**EO13808**-2023-1143070-1." (emphasis added). On page two, however, the license number is listed as "VENEZUELA-**EO13850**-2023-1143070-1." (emphasis added). The OFAC Document also states that it "expires on the earlier of the completion of the authorized transaction(s) or on July31, 2026[.]"[2] The OFAC Document appears to be digitally signed as of July 3, 2024. According to Mr. Smith, whenever OFAC issues licenses, it provides it to the grantees on the date reflected on the license—i.e., on July 3, 2024; yet, for whatever reason, counsel for Defendants claimed that the document was received only on July 8, 2024, the eve of the hearing. This, in itself, is an irregularity in OFAC practices that begs questions. Further, it would be unusual for OFAC to grant a license that is not effective immediately and similarly unusual for OFAC to grant a license that expires *over* two years after its issuance. Based on the licenses produced in this lawsuit, both parties are aware that OFAC licenses usually expire in one year (or less), as opposed to two years and twenty-seven days. Indeed, that has been the regular course timeline for the Bank in its OFAC licenses.

Separately, the OFAC Document also states that the license was granted "[b]ased upon the request dated September 28, 2023, on behalf of Monasterio investor group, to the Office of Foreign Assets Control (the 'Application')[.]" Plaintiffs have not had the opportunity to discover this Application or any other correspondence or materials relating to this newly produced OFAC Document. Notably, the OFAC Document references "*the* interest-bearing blocked account." (emphasis added). As this term is not defined in the OFAC Document, it is likely that the Application or other representations made to OFAC could clarify what this account is. Presumably, if OFAC had not intended to reference a specific account, they would have said "*an* interest-

---

[2] This spacing error in "July31, 2026"—another irregularity—appears in the OFAC Document.

bearing blocked account." Mr. Smith cannot testify fully or accurately about the document that Defendants have put forward without also seeing what representations have been made to OFAC, in the Application and in correspondence to OFAC. This document should not be used to decide whether to grant a permanent injunction without evidence to authenticate and contextualize it. Expedited discovery is necessary to that end, and again, both parties are familiar with the process for seeking an OFAC license, which as a matter of course involves multiple inquiries from OFAC and/or correspondences between OFAC and the Bank's counsel. The Court will recall that Defendants' OFAC expert, Ms. Britt Mosman, showed a demonstrative of ***dozens*** of communications relating to the Bank's previous OFAC licenses. Accordingly, Plaintiffs cannot test the authenticity or scope of this document—even if it is what Defendants contend it is—without the disclosure of related submissions.

### D.     Limited Scope of Expedited Discovery Sought

Defendants would not be prejudiced by additional discovery. This discovery is necessary specifically because Defendants failed to disclose relevant information about this investor group or the existence of this September 28, 2023 Application during pre-trial discovery, despite Plaintiffs' diligence. Defendants would also not be prejudiced by discovery relating to a document that *they* produced. It would be nonsensical—and indeed a manifest case of "sword and shield"—for Defendants to bring a document to Plaintiffs' and this Court's attention and then claim that they would be prejudiced by the need to authenticate and contextualize that document. In addition, Defendants will not be prejudiced because the scope of this discovery will be limited. Plaintiffs are only seeking documents relating to information that came to light during or after trial.

Specifically, Plaintiffs request that Defendants produce the following documents:

1. All agreements, letters of intent, or memoranda of understanding entered into by or on behalf of the Bank with Monasterio Investor Group (the "Investor Group");

2. All correspondence with members of the Investor Group or their representatives;

3. All documents that refer or relate to Investor Group's purchase of the majority of ENB stock;

4. the September 28, 2023 Application described in the OFAC Document;

5. All correspondence with OFAC referring or relating to this Application or to the OFAC Document;

6. All documents referring or relating to this Application or to the OFAC Document; and

7. All documents relating to efforts to recapitalize the Bank leading to the Investor Group's offer that were created or received since the start of this litigation.

In the event Defendants claim that the documents responsive to Requests Nos. 4 and 5 are not within their custody or control (despite the Bank being a grantee under the OFAC Document), Plaintiffs respectfully ask the Court to allow discovery into the Investor Group to seek such information.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an order allowing for expedited discovery of documents relating to the permanent injunction request, including documents relating to the Investor Group, the OFAC Document, and efforts to recapitalize the Bank, and ordering Defendants to respond within five days to Plaintiffs' request for production contained in this motion.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiffs certifies that Counsel for Defendants oppose the relief requested herein.

| | |
|---|---|
| Dated: July 11, 2024 | Respectfully submitted, |

**Diego Pérez Ara**
Derek E. León
Florida Bar No. 625507
Diego Pérez Ara
Florida Bar No. 1023765
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.351.4059
Email: dleon@leoncosgrove.com
Email: dperez@leoncosgrove.com


Heaven C. Chee (*pro hac vice*)
**LEÓN COSGROVE JIMÉNEZ, LLP**
700 Louisiana Street, Suite 5300
Houston, Texas 77002
Telephone: 346.250.5660
Facsimile: 305.351.4059
Email: hchee@leoncosgrove.com

*Counsel for Plaintiffs*