UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20201-DPG

BANCOR GROUP, INC., and STITCHING
PARTICULIER FONDS FRANEKER,
derivatively on behalf of
EASTERN NATIONAL BANK, N.A.,

      Plaintiffs,

v.

GABINA RODRIGUEZ, LOUIS FERREIRA,
CESAR A. GOMEZ VALERO, KEITH PARKER,
CARLOS RODRIGUEZ, and GUSTAVO MACIAS

      Defendants.

_____/

**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE AND MOTION TO STRIKE
DEFENDANTS' BRIEFING ON THE MERITS**

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, Plaintiffs Bancor Group Inc. ("Bancor") and Stitching Particulier Fonds Franeker ("Franeker") (collectively, the "Minority Shareholders"), derivatively on behalf of Eastern National Bank, N.A. ("ENB" or the "Bank") (collectively "Plaintiffs"), file this Motion to exclude evidence that Defendants did not properly disclose during pre-trial discovery from the upcoming August 2, 2024 evidentiary hearing and to strike Defendants' briefing on the merits of the requested injunctive relief presented in their Omnibus Brief Opposing Plaintiffs' Request for Post-Trial Injunctive Relief, Plaintiffs' Motion for a Continuance of the July 29, 2024 Evidentiary Hearing (ECF No. 544), and Plaintiffs' Motion for Post-Trial Discovery (ECF No. 543). ECF No. 546. In the alternative, if the Court declines to strike Defendants' briefing on the merits from the record, Plaintiffs respectfully reserve the right

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

to submit their own briefing on the merits of a permanent injunction or proposed findings of fact

and conclusions of law after the August 2, 2024 evidentiary hearing.

**BACKGROUND**

In their Verified Complaint, Plaintiffs requested both legal and equitable relief. ECF No.

1. Beyond the monetary damages Plaintiffs sought at trial, Plaintiffs also requested that this Court

grant a permanent injunction:

> nullifying all actions taken at the December 17, 2021, shareholder meeting,
> including the election of the Board of Directors and the vote to approve the
> authorization of the additional shares of ENB stock; (b) ordering that Defendants
> Ferreira, Parker, Carlos Rodriguez, and Macias notice and hold a shareholders
> meeting for the purpose of electing a Board of Directors that complies with the
> ENB's Articles of Incorporation and By-laws and the 2020 Consent Order; (c)
> enjoining Defendants Ferreira, Parker, Carlos Rodriguez, and Macias from taking
> any action to implement the stock compensation scheme without proper
> authorization by the OCC and OFAC and without ratification of the plan by
> shareholder vote.

*Id.* At the conclusion of trial, the jury found that Defendant Gabina Rodriguez breached her

fiduciary duties of care and of loyalty to the Bank, that Defendant Carlos Rodriguez breached his

duty of care to the Bank, and that the Bank had suffered $800,000 in damages as a result of these

two Defendants' breaches. ECF No. 522.

After a July 9, 2024 status conference, this Court scheduled an evidentiary hearing to allow

the parties to present evidence relating to the request for a permanent injunction. ECF No. 541. At

the status conference, Defendants argued that the injunction was unnecessary and would harm the

Bank based on a newly obtained document. At that point, Defendants' counsel produced what they

claim is a license, issued by the Office of Foreign Assets Control ("OFAC") to the Monasterio

2

LEÓN COSGROVE JIMÉNEZ, LLP

255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Investor Group. License No. VENEZUELA-EO13808-2023-1143070-1 (July 3, 2024) (the "July

OFAC License").[1]

Following the scheduling of the evidentiary hearing, Plaintiffs filed two motions: (1) a Motion

for Leave to Serve Defendants with Limited Expedited Discovery (the "Post-Trial Discovery

Motion"); and (2) a Motion for Brief Continuance of Evidentiary Hearing (the "Continuance

Motion"). ECF Nos. 543, 544. In what they claim is a brief in opposition, Defendants argue against

not only the granting of these two motions, but also present this Court with their briefing on the merits

of a permanent injunction. ECF No. 546. On July 23, 2023, the Court granted Plaintiffs' Continuance

Motion, rescheduling the evidentiary hearing to August 2, 2024. ECF No. 549. The Court denied

Plaintiffs' Post-Trial Discovery Motion on the basis that "post-trial discovery is not warranted." ECF

No. 548.

**ARGUMENT**

## I.      Legal Standard

"The aim of [. . .] liberal discovery rules is to 'make a trial less a game of blind man's bluff

and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"

*Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345-46 (5th Cir. 1978) (quoting *United States v. Procter

& Gamble Co.*, 356 U.S. 677, 683 (1958)).[2] To that end, Rule 26 of the Federal Rules of Civil

Procedure require a party "without awaiting a discovery request," to "provide [. . .] a copy--or a

description by category and location--of all documents, electronically stored information, and tangible

things that the disclosing party has in its possession, custody, or control and may use to support its

---

[1] It remains unclear whether the proper license number is VENEZUELA-**EO13808**-2023-1143070-1 or VENEZUELA-**EO13850**-2023-1143070-1.

[2] Decisions of the U.S. Court of Appeals for the Fifth Circuit, issued before October 1, 1981, are considered binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

claims or defenses, unless the use would be solely for impeachment[.]" FED. R. CIV. P. 26(a)(1)(A).

The Rule also requires a party to supplement a disclosure under Rule 26(a) or a response to a request

for production "if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made

known to the other parties during the discovery process or in writing[.]" *Id.* 26(e)(1).

Failure to disclose or produce relevant and responsive materials can result in sanctions against

the non-disclosing party. FED. R. CIV. P. 37. Such sanctions can include an order prohibiting the non-

disclosing party from using that information or material "on a motion, at a hearing, or at a trial." *See*

*Am. Builders Ins. Co. v. S.-Owners Ins. Co.*, No. 9:20-CV-81357, 2021 WL 3025815, at \*2 (S.D. Fla.

July 16, 2021). "Under Rule 37(c)(1) exclusion of non-disclosed evidence is automatic and

mandatory." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), *as amended* (Feb. 2, 2012);

(Why aren't we citing this case?) *see also Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1140

(S.D. Fla. 2016) (holding that failure to provide information and witnesses under Rule 26 results in

"automatic and mandatory" exclusion unless the non-disclosure was justified or harmless); FED. R.

CIV. P. 37 Advisory Committee Notes (describing exclusion of non-disclosed evidence as an

"automatic sanction"). The only exceptions to the "automatic and mandatory" exclusion are if the

failure to disclose was "substantially justified" or "harmless." FED. R. CIV. P. 37(c)(1). Courts need

not find "willfulness or bad faith" on the part of the non-disclosing party. *BankAtlantic v. Blythe*

*Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994).

## II.   Defendants Should Not be Able to Use Evidence at the August 2nd Evidentiary Hearing that They Failed to Disclose During Discovery.

### A.   Defendants failed to comply with their discovery obligations under Rule 26.

There is no question that Defendants failed to produce the July OFAC License—and

especially any documents or communications that led to OFAC's issuance of the license—in

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

accordance with Rule 26. Indeed, the face of the July OFAC License indicates that it was issued to the Monasterio Investor Group on July 3, 2024, and yet Defendants' counsel waited until the in-person hearing on July 9, 2024 to alert Plaintiffs of its existence at all.

If Defendants intended to use the OFAC License in any way at the upcoming evidentiary hearing, they had an obligation under Rule 26 to produce not only the license itself, but also any information and material relating to the OFAC License. During the pendency of the litigation, other OFAC licenses and supporting material were produced, so Defendants were well aware of the nature and significance of the documents to the dispute. Indeed, Defendants produced a copy of the document at the status conference in order to argue that the July OFAC License somehow obviates the need for or appropriateness of a permanent injunction—which indicates their own awareness that the document is relevant to the issues in dispute and relief sought.

The duty to disclose extended to the application made to OFAC to obtain the OFAC License, any communications or documents that gave rise to the issuance of the OFAC License or the application for the OFAC License, any agreements memorializing the plan to recapitalize the Bank through acquisition by the Monasterio Investor Group, and documents referring to or witness testifying about these still-undisclosed recapitalization agreements with the Monasterio Investor Group. Because disclosure of information and production of evidence are necessary "to allow both sides in a case to prepare their cases adequately and prevent surprise[,]" Defendants must not be permitted to rely on this information and documentation that they withheld during discovery at the upcoming evidentiary hearing. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 n.6 (11th Cir. 2021) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008)).

Plaintiff sought post-trial discovery into the July OFAC License, given Defendants' position that it was pivotal to their defense, and in fact formed the cornerstone of their defense that

any injunction would cause harm to the Bank that must outweigh the benefit of equitable relief.

The Court denied discovery, finding that it was not warranted.  ECF No. 548.  Post-trial discovery,

however, was necessary only to the extent that Defendants intended to enter the July OFAC

License into the record and/or any testimony discussing the same.  Accordingly, Plaintiffs move

to exclude the introduction of any evidence concerning the July OFAC License, as Defendants

failed to meet their Rule 26 discovery obligations to supplement their production with evidence

relevant to their defense. Allowing Defendants to use the July OFAC License to assert a factual

defense would deny Plaintiffs the opportunity to fully test the authenticity, scope, and propriety of

the alleged license through discovery—which would effectively reward Defendants for lying

behind the log in withholding this evidence, when they were solely aware of the applications to

and communications with OFAC that likely took place during the unnecessary delay caused by

their frivolous motion to dismiss for lack of standing.[3]

---

[3] This case was originally scheduled to go to trial on October 16, 2023. ECF No. 335. On Saturday, October 14, 2023, Defendants filed their third motion to dismiss, claiming that this Court lacked subject matter jurisdiction. ECF No. 417. Despite the motion ultimately being denied, the filing of this motion delayed the start of trial by more than seven months. ECF Nos. 444, 457. Defendants based this motion to dismiss on the theory that Plaintiffs are not really shareholders capable of bringing a derivative suit because Juan Santaella's bankruptcy from over 20 years ago should have caused him to lose his ownership interests in Plaintiffs. ECF No. 444. The Court rejected this argument on the merits, while also questioning whether Defendants' counsel genuinely "connected the dots between Mr. Santaella's bankruptcy and this shareholder derivative lawsuit only on the eve of trial." *Id.* at 9. According to the Judge Torres' Report and Recommendation, after Defendants hired Diaz, Reus & Targ to represent them in this case, in "the firm's *first* substantive document on behalf of Defendants," Evan Stroman "chose to highlight the history of Mr. Santaella's bankruptcy proceedings in the first two pages even though Mr. Santaella is not a party in this case." *Id.* (emphasis in original). That was more one year prior to the frivolous motion to dismiss. Further,

> Mr. Stroman has been aware of Mr. Santaella's bankruptcy since he entered an
> appearance in the case. Indeed, without solicitation, he recited the history of Mr.
> Santaella's bankruptcy for the Court as though it was the opening tune of a
> Broadway musical. If we (correctly) assume that Mr. Stroman has been diligently
> defending this case since he was hired, then we struggle to understand how it took

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

**B.     Defendants have no justification (<u>for their failure</u>), other than delay and ambush that will prejudice Plaintiffs.**

Defendants were not "substantially justified" in their failures to meet their disclosure requirements. FED. R. CIV. P. 37(c). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). In *Maddow*, for example, the Eleventh Circuit determined that a party was "substantially justified" in failing to disclose "income tax forms and details of their attorney fee arrangement" because the party "rel[ied] on Supreme Court dictum regarding the attorney's fees issue, and rel[ied] on out-of-circuit district court caselaw, where there was no in-circuit caselaw, regarding the tax form issue." *Maddow*, 107 F.3d at 853. Defendants have not identified any justification, let alone a "substantial" one, to explain their reasons for failing to disclose relevant evidence.

The failure to disclose evidence is also not "harmless." Plaintiffs would be harmed significantly if Defendants were able to rely on evidence that Plaintiffs have not had an opportunity to review or authenticate. For example, Plaintiffs' expert Adam Smith, who will be testifying at the upcoming evidentiary hearing, will be "hampered [. . .] in preparing his analysis before" the hearing. *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1308 (11th Cir. 2021). As he testified at trial, Mr. Smith is a former OFAC counsel, who is intimately aware of the

---

him a whole year to "realize" the potential connection between the bankruptcy and Plaintiffs' shares in the Bank. Alternatively, if we were to believe that this connection was not made until the eve of trial, then we have serious concerns regarding counsel's diligence in this case and whether or not the late-filed motion was a bad faith effort at derailing an imminent trial date.

*Id.* This Court subsequently adopted Judge Torres' Report and Recommendation in full. ECF No. 454.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

process and myriad communications that surround an OFAC application and license.  He will have the benefit of analyzing none of those before the hearing and therefore Plaintiffs will be at a significant disadvantage in proffering their expert opinions.[4]

As the Court has determined that no additional discovery is needed in advance of the upcoming evidentiary hearing, Plaintiffs have no opportunity to put the information and materials that Defendants are selectively disclosing into any context or to authenticate it. ECF No. 548. Plaintiffs agree that no documents critical to Defendants should have been introduced for the first time on July 9, and that there should not have been an occasion to request post-trial discovery into Defendants' evidence regarding injunctive relief. But in light of the Court's ruling, Defendants should not be able to rely on the OFAC License during the evidentiary hearing when this Court, as Plaintiffs have no way of knowing what representations have been made to OFAC to procure the July OFAC License. But that context is not necessary—and Defendants' undue delay becomes non-prejudicial— if the July OFAC License is excluded in its entirety from the evidentiary hearing. Accordingly, Plaintiffs ask the Court to exclude any discussion of the July OFAC License in order to obviate the undue and unfair prejudice to the Plaintiffs and to prevent Defendants from benefitting from withholding evidence that even they deem critical to the Court's decision.

Similarly, Defendants should not be able to reference provisions of the still-undisclosed recapitalization agreement with the Monasterio Investor Group without having produced the actual agreement or communications with or documents relating to the Monasterio Investor Group. Plaintiffs attempted to explore the details of the recapitalization with the Monasterio Investor

---

[4] Defendants' OFAC expert Britt Mosman introduced a number of OFAC communications surrounding other licenses at trial—which indicates Defendants' awareness that these surrounding documents are important to contextual the eventual license issued by OFAC.  June 25 Trial Tr. 197:18-:25; 200:15-201:14; 202:06-203:13.  If Defendants call Ms. Mosman again, she will be at a significant informational advantage which will compound the undue prejudice to Plaintiffs.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Group, but Defendants claimed it was subject to a non-disclosure agreement and could not be discussed in court. June 17 Trial Tr. 250:22-251:13 (testimony of Louis Ferreira); June 25 Trial Tr. 111:20-112:01 (testimony of Gustavo Macias).  As with the July OFAC License, Plaintiffs have not had the opportunity to test Defendants' understanding of and examine the specific language of the agreement, beyond Defendants' vague description of its terms and insistence that it is the only way to save the Bank.  But "courts do not interpret contractual terms in isolation—[i]n reviewing a contract [. . .] the entire contract must be reviewed as a whole without fragmenting any segment or portion." *Golden v. Univ. of Miami*, 484 F. Supp. 3d 1255, 1263 (S.D. Fla. 2020). Plaintiffs therefore ask the Court to exclude any testimony or discussion regarding negotiations with the Monasterio Investor Group and/or the terms of the recapitalization agreements with the Monasterio Investor Group.  Defendants' use of this evidence be unduly prejudicial to Plaintiffs, and precluding Defendants from using such evidence would be consistent with the Court's directive that post-trial discovery is warranted in this case.

In sum, Plaintiffs seek to exclude: (1) the introduction of the July OFAC License into evidence; (2) any testimony from Defendants or their experts about the applications and communications that resulted in OFAC's issuance of the purported license; (3) the introduction of any evidence relating to the Monasterio Investor Group's recapitalization agreements with the Bank; and (4) any testimony from Defendants or their experts about the terms of those recapitalization agreements. This exclusion is necessary under Rule 37, as Defendants have failed to fulfill their obligations under Rule 26. To prevent Defendants from obtaining an undue and unfair advantage from their discovery abuse, the Court must preclude Defendants from using such evidence during the August 2, 2024 evidentiary hearing. FED. R. CIV. P. 37(c) ("If a party fails to provide information … the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or harmless."); *see also David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (the harm in allowing defendants to rely on previously undisclosed evidence is compounded if plaintiffs have no ability to "cure" the harm).

### III.   Defendants' Briefing on the Merits of Injunctive Relief Is Premature and Beyond the Scope of Plaintiffs' Procedural Motions.

#### A.   Defendants' briefing on the merits of injunctive relief should be stricken from the record.

Plaintiffs filed two procedural motions regarding the upcoming evidentiary hearing. ECF Nos. 543, 544. Defendants decided to use their brief in opposition not only to argue that those motions should be denied, but also to argue the merits of whether this Court should issue a permanent injunction. ECF No. 546. This briefing is far beyond the scope of the two procedural motions to which Defendants claim they were responding. Because the merits portion of Defendants' briefing was not made in opposition to the two procedural motions actually filed, that briefing should be stricken from the record and not considered by this Court.

A brief opposing procedural motions is not the appropriate place to make a substantive argument on whether this Court should grant injunctive relief. This Court's Rules allow a party opposing a motion to "file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." Local Rule 7.1(c)(1). The Rules further provide that the "movant may, within seven (7) days after service of an opposing memorandum of law, file and serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." *Id.* If Defendants were allowed to make these substantive arguments on the merits of injunctive relief in its opposition to procedural motions,

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Plaintiffs would be "strictly limited to rebuttal" of those arguments in a reply. Limiting Plaintiffs in that way would hinder Plaintiffs' ability to present their full arguments on the merits of a permanent injunction, which again demonstrates how out-of-scope Defendants' arguments were.

Under the Seventh Amendment, when legal and equitable claims are joined in the same action, 'the right to jury trial on the legal claim, including *all issues of fact common to both claims*, remains intact.'" *Wall v. Tr. Co. of Georgia*, 946 F.2d 805, 808 (11th Cir. 1991) (quoting *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990)) (emphasis added). This right extends to "the legal claims and any *common questions of law and fact* implicated by the equitable claims." *Ioselev v. Schilling*, No. 3:10-CV-1091-J-34MCR, 2014 WL 905521, at *1 (M.D. Fla. Mar. 7, 2014) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990) (emphasis added). On the equitable claim, the Court still must "find the facts and specifically state its conclusions of law separately." FED. R. CIV. P. 52(a)(1); *see Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 644 (5th Cir. 1976) (describing "proper procedure" for cases involving both legal and equitable claims). This Court's Rules allow parties submit "proposed findings of fact and conclusions of law" at "the close of the evidence or at an earlier reasonable time that the Court directs[.]" Local Rule 16.1(k). This parties still have an opportunity to present "additional evidence" relating to the request for a permanent injunction at the upcoming August 2, 2024 evidentiary hearing. ECF No. 549. Submitting substantive arguments on whether Plaintiffs are entitled to injunctive relief before "the close of all evidence" is premature. Defendants are asking the Court to decide whether injunctive relief is proper before the Court has an opportunity to see all of the evidence—and this Court, by setting an evidentiary hearing, has indicated that the record on the relevant fact and legal issues has not yet closed. *Id.* For that reason, Defendants' briefing on the merits of injunctive relief submitted before the close of all evidence should be stricken from the record and not considered by the Court.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

**B.** **Plaintiffs reserve the right to brief the merits of injunctive relief and submit proposed findings of fact and conclusions of law**

In the alternative, if the Court decides not to strike Defendants' merits briefing, Plaintiffs reserve the right to submit full briefing after the evidentiary hearing on whether the conditions for injunctive relief are satisfied or submit proposed findings of fact and conclusions of law, or both. Because Plaintiffs cannot fully brief why injunctive relief is appropriate before it has presented all its evidence to the Court, Plaintiffs believe that after the hearing is the appropriate time for this type of briefing. Otherwise, this Court would only be considering one party's briefing on the merits, which would deny Plaintiffs a fair opportunity to be heard on their request for injunctive relief. *See generally Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court: (1) exclude any evidence from the August 2, 2024 evidentiary hearing that Defendants did not disclose during pre-trial discovery, including: the OFAC License, the application made to OFAC to obtain the OFAC License, any communications or documents that gave rise to the issuance of the OFAC License or the application for the OFAC License, any agreements memorializing the plan to recapitalize the Bank through acquisition by the Monasterio Investor Group, and documents referring to or witness testifying about these still-undisclosed recapitalization agreements with the Monasterio Investor Group; and (2) strike Defendants' briefing on the merits of Plaintiffs' request for a permanent injunction as presented in Defendants' Omnibus Opposing Brief. In the alternative, Plaintiffs reserve the right to submit full briefing on the merits of a permanent injunction and proposed findings of fact and conclusions of law to this Court after the upcoming evidentiary hearing.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiffs certifies that Counsel

for Defendants oppose the relief requested herein.


Dated: July 31, 2024                           Respectfully submitted,

                                               **Diego Pérez Ara**
                                               Derek E. León
                                               Florida Bar No. 625507
                                               Diego Pérez Ara
                                               Florida Bar No. 1023765
                                               **LEÓN COSGROVE JIMÉNEZ, LLP**
                                               255 Alhambra Circle, 8th Floor
                                               Miami, Florida 33134
                                               Telephone: 305.740.1975
                                               Facsimile: 305.351.4059
                                               Email: dleon@leoncosgrove.com
                                               Email: dperez@leoncosgrove.com


                                               Heaven C. Chee (*pro hac vice*)
                                               **LEÓN COSGROVE JIMÉNEZ, LLP**
                                               700 Louisiana Street, Suite 5300
                                               Houston, Texas 77002
                                               Telephone: 346.250.5660
                                               Facsimile: 305.351.4059
                                               Email: hchee@leoncosgrove.com

                                               *Counsel for Plaintiffs*

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM